IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| DARLENE BLACK | ) | |
| | ) | |
| **Plaintiff** | ) | CIVIL ACTION NO. |
| | ) | |
| v | ) | |
| | ) | |
| SUNSET FINANCE CO, LLC | ) | JURY TRIAL DEMANDED |
| | ) | |
| **Defendant** | ) | |
| _____ | ) | |

# COMPLAINT

COMES NOW Darlene Black, hereinafter designated and referred to as "Plaintiff", and brings this her action as against Sunset Finance Co, LLC., hereinafter designated and referred to as "Sunset" or "Defendant" and for cause respectfully shows as follows:

## NATURE OF COMPLAINT

**1.**

This is an action for damages against Defendant arising under 29 U.S.C. §§ 201, *et seq.*, the Fair Labor Standards Act of 1938, as amended, to recover due, but unpaid, overtime compensation and an additional amount as liquidated damages, prejudgment interest and to be reimbursed for her costs of litigation, including her reasonable attorneys' fees.

**2.**

Plaintiff, as an hourly nonexempt employee, is a true Plaintiff, whom Defendant has failed to compensate for all hours worked in excess of forty (40) hours each work week at one and a half times her regular rate of pay that accrued during the three years preceding filing of this action.

### PARTIES, JURISDICTION AND VENUE

**3.**

Plaintiff in this case is a citizen of the United States and resident of Columbus, Muscogee County, Georgia and submits herself to the jurisdiction of the Court.

**4.**

Defendant is, and at all times relevant hereto, was a South Carolina Limited Liability Company located at 510 Mountain View Drive, Suite 500, Seneca, SC 29672.  Sunset maintains registry under laws of the State of Georgia and is a "person" or "Citizen" under Federal law.  Defendant may be served with process through its Registered Agent: Bobby Lee Knight, Jr. at 6263 Highway 278, NW, Covington, GA. 30014.

**5.**

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 in that it involves a Federal question arising under the laws of the United States.

**6.**

Venue properly lies in the Middle District of Georgia pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims asserted herein occurred in this District, and Plaintiff was employed with Defendant at its office at 3604 Macon Road, Suite 3, Columbus, GA, which is located in and where Defendant does business in this District.

## LEGAL FRAMEWORK

**7.**

At all times relevant hereto, Defendant is an industry affecting commerce and is otherwise an employer within the meaning of the FLSA.

**8.**

At all times material hereto, Plaintiff has been "engaged in commerce" as an employee of Sunset as defined in 29 U.S.C. § 207(a)(1).

**9.**

At all times material hereto, Sunset was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in 29 U.S.C. § 207(a)(1).

**10.**

At all times material hereto, Sunset has been an "employer" of Plaintiff as defined in 29 U.S.C. §203(d).

**11.**

At all times relevant to this suit, Plaintiff was an "employee" of Sunset as defined in 29 U.S.C. § 203(e)(1).

**12.**

During 2017, Sunset had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

**13.**

During 2018, Sunset had two or more "employees engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A).

**14.**

During 2019, Sunset had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

**15.**

At all times material hereto, Sunset was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1).

**16.**

At all times material hereto, Defendant was not exempt from the maximum hour requirements of the FLSA by reason of any exemption in 29 U.S.C. § 213.

## FACTS

**17.**

Plaintiff was employed by Defendant as a collector of accounts receivable throughout the relevant period October 1, 2017 through October 1, 2019.[1]

**18.**

Gradually, Plaintiff began to be assigned many and varied duties during the relevant period preceding filing of this complaint.

**19.**

The result was that Plaintiff could not accomplish her duties within 40 hours per week.

**20.**

Thus, a typical work day of Plaintiff might begin at 8:30am except for those days when she started earlier.

**21.**

Because much data gathered, extracted and submitted by Plaintiff was time sensitive and deadline driven, Plaintiff rarely stopped working before 7:30-8pm or later at least four days per week.

---

[1] The evidence is expected to show that Defendant ceased its practice of coerced non-clock overtime with the installation of a new manager in October 2019.

## TIME RECORDS OF DEFENDANT

**22.**

Defendant required Plaintiff to maintain a time record with no more than 40 hours per week displayed.

**23**.

Plaintiff almost never worked 40 hours, in a five-day period.

**24.**

The typical workday of Plaintiff varied by hours per week.

**25.**

Plaintiff was expected to record that she arrived at 8:30am and departed at 5:30 pm, but would often times not leave from work until well after 7:30 p.m.

**26.**

On at least two days per week Plaintiff would commence work 15 minutes before required clock-in time.

**27**.

Defendant also required Plaintiff to deduct one hour per day for a lunch period.

**28.**

Rarely was Plaintiff afforded time for a lunch break.

**29.**

Plaintiff ate lunch while working.

**30.**

The actual time spent working by Plaintiff in Defendant's service may be determined from computer logs reflecting times signed on by Plaintiff and times signed off.

**31.**

Defendant's coerced required manual clock time input records are bogus and intentionally calculated to avoid overtime liability.

## THEORIES OF RECOVERY
## COUNT I — FAILURE TO PAY OVERTIME

**32.**

During the three years preceding the filing of this complaint Plaintiff was paid $12.00 per hour straight time, based on Defendant's contrived workweek of 40 hours, from October 2017 through October 2019.

**33.**

This remuneration did not contemplate the overtime that Plaintiff worked, as set out herein below. Plaintiff worked as a collector and was called upon to assist in maintenance of Defendant's accounts receivable at acceptable levels.

**34.**

Plaintiff normally worked approximately 8 hours more than forty hours each week in time past required "clock-out" between October 1, 2017-October 1, 2019. As a result, Plaintiff would accrue no less than 8 hours per week of overtime for which she was not compensated on weekdays prior to October 1, 2019.

**35.**

Thus, Plaintiff worked 98 weeks, with allowance for vacation and holidays, at $12.00 per hour. Overtime wage would be $18.00/hour.

**36.**

98 weeks at 8 after business hours overtime at $18.00 per hour is $14,112.00 in unpaid overtime owed to Plaintiff by Defendant for after-hours work during the relevant period.

**37.**

Lunch hours deducted but not taken were one hour per day during the relevant period or 98 weeks at five hours each at $18/hr. which is $8,820.00.

**38.**

On at least two days per week Plaintiff would commence work 15 minutes before required clock-in time.

**39.**

That is one half hour per week for 98 weeks at $18.00 per hour or $882.00.

**40.**

Thus, upon knowledge and belief, as electronic log records would show the cumulative overtime wage owed Plaintiff is $23,814.00 through October 1, 2019.

**41.**

Both Plaintiff's manager and her district manager were at all times aware that Plaintiff was suffered to toil in Defendant's interests off the clock.

**42.**

Plaintiff's co-workers during the relevant period were also required to work off the clock and may themselves have claims for unpaid overtime.

**43.**

As a result of Defendant's deliberate and intentional failure to properly pay Plaintiff her overtime wages in accordance with the law, Plaintiff is entitled to liquidated damages pursuant to 29 U.S.C. § 216 (b), said liquidated damages being equal to the amount of the unpaid overtime wages due and owing, in addition to the unpaid overtime wages.  This is expressed as follows:

$23,814 x 2 (Liquidated Damages. multiplier under FLSA) = **$47,628.00**.

**COUNT II---ATTORNEY'S FEES AND EXPENSES**

**44.**

Plaintiff incorporates by reference the allegations contained in the above paragraphs as if fully stated herein.

**45**.

Plaintiff is entitled to the costs and expenses associated with bringing and prosecuting the statutory causes of action contained herein above, to include attorney's fees, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

a) that Summons issue and Defendant be served as by law provided;

b) that Plaintiff be awarded judgment in her favor with respect to all contentions in her Complaint;

c) that Plaintiff be awarded actual and liquidated damages as proven at trial;

d) that Plaintiff be awarded reasonable attorney's fees and expenses of litigation;

e) that all issues triable by jury be tried by a jury;

f) that all costs of this action be taxed to Defendant; and

g) for such other and further relief as unto this Court may seem just and equitable in the premises.

This 14th day of October 2020.

*/s/ John W. Roper*___
John W. Roper
Georgia Bar No: 614159

The Roper Law Firm
233 12th Street, Suite 602
Columbus, Georgia 31901
(706) 596-5353
Fax: (706) 780-1014
johnroper@roperlaw.com